UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA A. HAWES,

    Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.
_____/

Case No. 13-cv-10063
Hon. Gerald E. Rosen

**OPINION AND ORDER REGARDING DEFENDANT'S
MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Barbara Hawes alleges that Defendant Bank of America, N.A., violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by failing to: (i) report Plaintiff's debts as "disputed;" and (ii) reinvestigate the debts after being informed by Plaintiff of the allegedly false or inaccurate information in his accounts. Through the present motion, Defendant Bank of America[1] argues that Plaintiff has failed to meet the pleading standard required by Fed. R. Civ. P. 8(a). Defendant further contends that Plaintiff failed to plead a cause of action

---

[1] This case was originally filed against four defendants: Bank of America, N.A. (the "furnisher" of Plaintiff's loan payment information) and three consumer reporting agencies ("CRAs"). The three CRAs have all been dismissed, by stipulation and order, with prejudice.

under § 1681s-2(b) and that there is no private right of action against a "furnisher" of credit information under § 1681s-2(a) for failure to provide accurate information to a consumer reporting agency.

Having reviewed the parties' briefs and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant's motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court's Opinion and Order is set forth below.

## II. FACTUAL BACKGROUND

Defendant Bank of America, N.A., is the servicer of Plaintiff Barbara Hawes' mortgage loan. Plaintiff alleges that Defendant has consistently marked her mortgage payments as late – even though they were sent on time by certified mail – and reported the allegedly incorrect late payments to various consumer reporting agencies ("CRAs"). Plaintiff claims that she sent dispute letters to both Defendant and the individual CRAs to notify them of the mistake, but does not allege that the CRAs notified Defendant of the dispute, as required by the FCRA.

In response, Defendant allegedly sent Plaintiff a letter, dated December 18,

2

2012, stating that the bank was in the process of obtaining documents and information to answer her questions, but making no mention of opening an investigation into her dispute. However, Equifax – one of the original Defendant CRAs – responded to Plaintiff's dispute request, indicating that the creditor / furnisher – *i.e.*, Defendant – had responded to their request and verified the negative reports on her account. *See* Pl.'s Am. Compl., Ex. 4. In its response, Equifax stated that "[t]he creditor has verified to OUR company that the current status is being reported correctly. This creditor has verified to OUR company that the prior paying history is being reported correctly. If you have any additional questions about this item please contact: **Bank of America**." Pl.'s Am. Compl., Ex. 4.

On January 8, 2013, Plaintiff filed her first Complaint in this Court, which she amended on January 16, 2013. In her Amended Complaint, Plaintiff alleges that Defendant violated the FCRA by:

1. Failing to respond to Plaintiff's request by inquiring into the facts underlying each tradeline, as required by 15 U.S.C. § 1681s-2(b);

2. Failing to advise the CRAs if it could not verify the information it had reported;

3. Reporting erroneous information on Plaintiff's account with actual knowledge of its errors, in violation of 15 U.S.C. § 1681s-2(b);

3

    4.       Reporting inaccurate information to the CRAs, in violation of 18 U.S.C. § 1681s-2(a)(1)(B);

    5.       Failing to perform a reasonable investigation into Plaintiff's dispute;

    6.       Failing to notify the CRAs that the debt was disputed, in violation of 15 U.S.C. § 1681s-2(b).

Subsequent discovery in this case has uncovered the Automatic Credit Dispute Verification (ACDV) forms that the CRAs sent to Defendant in response to Plaintiff's dispute request, as required by the FCRA. Once a furnisher – in this case, Defendant – receives the ACDV forms from a CRA, they are required by the FCRA to investigate the claim and notify the CRAs of any errors in the original credit report information. Pl.'s Resp. Br., Ex. 6. Exhibit 5 of Plaintiff's Response brief demonstrates that Defendant in fact received, completed, and returned these forms to the CRAs, indicating that they did, in fact, receive the notice required under the FCRA.

Defendant argues that Plaintiff's claims fail as a matter of law because: (i) 15 U.S.C. § 1681s-2(a) does not provide Plaintiff with a private right of action;[2] (ii) Plaintiff failed to meet the pleading standard required under Fed. R. Civ. P.

---

[2] Plaintiff does not allege a cause of action under 15 U.S.C. § 1681s-2(a), *see* Pl. Resp. Br. 8, so this portion of Defendant's motion is moot.

8(a); and (iii) Plaintiff has failed to plead a cause of action under 15 U.S.C. § 1681s-2(b).

### III.  ANALYSIS

**A.  Plaintiff's Amended Complaint is Pled with the Specificity Required under Fed. R. Civ. P. 8(a)**

Defendant argues that Plaintiff's Amended Complaint fails to meet the pleading standard set forth under Fed. R. Civ. P. 8(a), which "requires a showing rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.  In evaluating a FCRA claim against a furnisher of information, a court must evaluate the complaint on two dimensions to determine whether it states a claim: (i) whether the complaint addresses all the material elements necessary to recover under some legal theory; and (ii) whether the complaint addresses those elements "with factual material sufficient to raise a right to relief beyond mere speculation." *Khalil v. Transunion, LLC*, 2008 WL 2782912, at *9 (E.D. Mich. 2008).

Defendant contends that Plaintiff's Amended Complaint lacks sufficient factual material to survive a motion to dismiss, as it "merely alleges that her 'credit report has numerous late payment trade lines' without specifying which of any tradelines were the subject of a CRA investigation with the Bank."  Def.'s Mot. Dismiss 4.  This is incorrect.  Plaintiff's Amended Complaint makes it clear

5

that the tradeline – industry jargon for "account"[3] – she is referring to is her mortgage. Further, her Amended Complaint contains several exhibits detailing not only the number of the account in question, but evidence of communications regarding that account between the CRAs and the Defendant, *see* Pl. Compl., Ex. 4, as well as her detailed dispute letters to both the CRAs and the Defendant, which outline the payments she was challenging as well as the delivery confirmation numbers for those payments. Indeed, Exhibit 4 of Plaintiff's Amended Complaint – a letter from Equifax detailing the result of Defendant's reinvestigation of Plaintiff's account – clearly demonstrates which account was at issue in this litigation. Such pleadings are sufficient to satisfy the specificity requirements of Rule 8(a).

**B.    Plaintiff Fails to State a Claim Under Section 1681s-2(b)**

In deciding a motion brought under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523,

---

[3] *Credit Advice: Tradelines and Your Credit Report*, Experian Website (Aug. 6, 2013, 1:23 p.m.), http://www.experian.com/ask-experian/20080806-tradelines-and-your-credit-report.html.

527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

If the well-pled facts in a plaintiff's complaint -- accepted as true -- are insufficient for the plaintiff to recover on a claim, that claim must be dismissed. *Iqbal*, 556 U.S. at 680 ("Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed.").

Under section 1681s-2(b), when a furnisher of information receives a notice

of dispute from a CRA, it must (1) conduct an investigation, (2) review any information provided by the CRA, (3) report the results of the investigation to the CRA, (4) report any inaccuracies to all CRAs which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides. 15 U.S.C. § 1681s-2(b). These obligations, however, are not triggered until a furnisher of information has received notification pursuant to 15 U.S.C. § 1681i(a)(2). Section 1681i(a)(2), in turn, provides that notification must be provided by a CRA – *not* a consumer – to trigger the furnisher's reinvestigation and reporting obligations. 15 U.S.C. § 1681i(a)(2); *see also Misialowski v. DTE Energy Co.*, 2008 WL 2998948, at *3 (E.D. Mich. 2008) ("[T]he duties under [15 U.S.C. § 1681s-2(b)] are triggered only by notice from a consumer reporting agency; notice from the consumer is insufficient.") (citing *Downs v. Clayton Homes, Inc.*, 88 Fed. App'x 851, 853 (6th Cir. 2004)).

In this case, Plaintiff has not specifically alleged that the CRAs notified Defendant of the disputed information. Indeed, Counts I-III allege exactly the opposite: that the CRAs "failed to provide the furnisher the relevant information and documents produced with Plaintiff's disputes." Pl.'s Am. Compl. ¶¶ 33, 45, 57. The closest Plaintiff comes to making such an allegation in the Amended Complaint is her assertion in ¶ 16, which cites Exhibit 4 for the proposition that

"[Defendant] *informed the credit bureaus* that it had performed an investigation and Ms. Hawes is late on her mortgage payments." (Emphasis added). The fact that Defendant informed the CRAs is significant because Defendant's duty to investigate is triggered by a *notice from* the CRAs, not a communication initiated by the Defendant. Plaintiff does not allege that the CRAs requested such information from Defendant. Without a request from the CRAs, Defendant has no duty and there can be no cause of action.

Indeed, Plaintiff's response to this motion acknowledges her failure to allege that the CRAs initiated Defendant's investigation, stating "[Defendant] received Ms. Hawes' dispute by certified mail as *alleged in her complaint* and this is borne out by BOA's own discovery responses showing Equifax and TransUnion sent BOA an ACDV to fill out and return on the dispute." Pl.'s Resp. Br. 6 (emphasis added). Thus, Plaintiff's Amended Complaint alleges that Ms. Hawes initiated the dispute, which is insufficient to create a cause of action under § 1681s-2(b).

Plaintiff's Response to this motion, however, contains additional evidence – procured through Defendant's discovery responses – indicating that Defendant actually did initiate the reinvestigation at the request of the CRAs. Exhibit 5 of Plaintiff's Response brief is a copy of the Automatic Consumer Dispute Verification (ACDV) forms sent to Defendant by TransUnion and Experian, which

triggered Defendant's reinvestigation and reporting obligations under the FCRA. While this evidence is not relevant to determining the sufficiency of Plaintiff's Amended Complaint as written, it does affect the Court's calculus in determining the proper remedy for the short-comings in Plaintiff's pleadings. As this new evidence – which could not have been in Plaintiff's possession at the time the Amended Complaint was drafted – "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, justice requires that Plaintiff be granted leave to file a Second Amended Complaint.

## IV.  CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Bank of America, N.A.'s Motion to Dismiss Count IV is DENIED.

IT IS FURTHER ORDERED that Plaintiff has thirty (30) days to submit its Second Amended Complaint in accordance with this Opinion and Order.  Failure to do so may result is dismissal with prejudice.

**IT IS SO ORDERED.**


S/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  August 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2013, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5135